UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SYDNEY L. NEAL<br><br>Defendant. | Case No. 1:23-cr-00155-BLW-2<br><br>**REPORT AND RECOMMENDATION** |

On March 26, 2024, Defendant SYDNEY L. NEAL appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 57). The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 2), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

REPORT AND RECOMMENDATION - 1

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, a detention hearing was held on June 27, 2023. (Dkt. 22). While the Government had moved to detain Defendant, during the hearing, the parties' consented to the terms and conditions of release set forth in the pretrial services report, and the Government moved to withdraw their detention motion. (Dkt. 22). Defendant was released on conditions on June 27, 2023. (Dkt. 23). Defendant violated her conditions of release soon after being released from custody but was referred to mental health and substance abuse counseling, and informed that her random UA testing would increase. (Dkt. 31).

Per United States Probations' updated release status report filed on March 21, 2024, Defendant has been able to abide by the conditions of her release following her initial non-compliance. (Dkt. 53). Defendant has been engaging in counseling and communicated to the pretrial services officer regarding her continued resolve to remain sober to better herself for her children. (Dkt. 53). The Government has not provided any information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time.

**REPORT AND RECOMMENDATION - 2**

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release and the disruption in the course of treatment of Defendant's substance use and mental health that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant SYDNEY L. NEAL's plea of guilty to Count ONE of the Indictment (Dkt. 2).

2) The District Court order forfeiture consistent with Defendant SYDNEY L. NEAL's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 2) and the Plea Agreement (Dkt. 57).

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 23).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

REPORT AND RECOMMENDATION - 3

DATED: March 26, 2024

_____
DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE